# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **FREDERICK L. BORN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 3:14-cv-001946** |
| **ANDREW SAUL,** | ) | **Judge Aleta A. Trauger** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

Before the court is the plaintiff's oddly titled "Notice of Motion" (Doc. No. 32), which the court understands to be a motion for attorney's fees under 42 U.S.C. § 406(b). The motion seeks attorney's fees in the sum of $27,140. It was filed in conjunction with plaintiff's counsel's "Affirmation";[1] a copy of the Retainer Agreement between counsel and the plaintiff, calling for an attorney's fee in the amount of 25% of past-due benefits, contingent upon the success of the plaintiff's appeal to the district court; an itemization of the number of attorney hours devoted to this case; a copy of the Social Security Administration's Notice of Award; and a Memorandum of Law. (Doc. Nos. 32-2, 32-3, 32-4, 32-5.) The Commissioner filed a Response (Doc. No. 36), signaling that it has no objection to the motion for fees as long as the court independently ascertains

---

[1] This Affirmation is not a sworn and notarized affidavit or a declaration under penalty of perjury, as authorized by 28 U.S.C. § 1746. In it, instead, counsel simply "affirms" that the statements in the Affirmation "are true based upon a review of [the law firm's] file." (Doc. No. 32-2, at 1.) Ordinarily, motions for attorney's fees filed in this court are supported by sworn affidavits or declarations under penalty of perjury. Because it is submitted by a licensed attorney with an ethical obligation to be truthful, the court will treat the Affirmation as if it were a declaration under penalty of perjury.

that the fee awarded is reasonable, in accordance with the guidance of the Supreme Court in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Frederick Born filed applications for Social Security Disability benefits and Supplemental Security Income benefits on February 3, 2012, alleging a disability onset date of December 31, 2010. His claims were denied initially. He requested and received a hearing before an administrative law judge ("ALJ"), which took place on December 3, 2013. The ALJ also denied his claims. The Appeals Council denied review.

At that point, Born signed a retainer agreement authorizing the Law Offices of Charles E. Binder and Harry J. Binder, LLP ("law firm") to pursue the appeal in federal court. (*See* Retainer Agreement, Doc. No. 32-3.) The agreement specifically provides that, if the plaintiff's appeal was successful and the district court awarded past-due benefits, the law firm was to receive 25% of any such past-due benefits, upon approval by the district court. It also states that, if the case was remanded to the Social Security Administration and the plaintiff was awarded past-due benefits by an ALJ after an additional hearing, "the law firm may apply for fees to [the] U.S. District Court under [42 U.S.C.] § 406(b)," with such fees not to exceed 25 percent of the past-due benefits awarded. The Retainer Agreement also assigns the plaintiff's interest in any fees awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, to the law firm. (*Id.*)

The plaintiff commenced his lawsuit in this court by filing a Complaint on October 6, 2014. (Doc. No. 1.) He filed a Motion for Judgment on the Administrative Record and supporting Memorandum on January 14, 2015. (Doc. Nos. 13, 14.) The court issued a Memorandum Opinion and Order on June 1, 2017,[2] finding that the ALJ's decision was not properly supported—

---

[2] The delay in the resolution of the case in this court was not attributable to counsel but instead to the retirement of first the magistrate judge and then the district judge to whom the case

specifically because the ALJ had failed to give good reasons for the weight accorded a treating physician's opinion—and remanding the case to the Social Security Administration for further proceedings. Judgment was entered that day. (Doc. Nos. 18–20.) Following entry of judgment, the plaintiff sought and was awarded fees under the EAJA in the amount of $5,396.03, which were paid to counsel pursuant to the assignment in the Retainer Agreement. (Doc. Nos. 21–26, 32-2 ¶ 5.)

According to counsel's Affirmation, following remand, a second hearing was held before the same ALJ on August 26, 2019. At the hearing, Born amended his onset date from December 31, 2010 to December 20, 2013. Notably, this amended onset date was after the date of the original hearing before the ALJ, which took place on December 3, 2013. (*See* Administrative Record ("AR"), Doc. No. 11, at 43.) In a fully favorable decision issued on September 25, 2019, the ALJ found Born to have been disabled since the amended onset date of December 20, 2013 and awarded benefits from that date. (Doc. No. 32-2 ¶ 6.)

## II.    LEGAL STANDARDS

"When a district court renders a favorable judgment to a social security claimant, § 406(b) permits a district court to award 'a reasonable [attorney's] fee . . . not in excess of 25 percent,'" payable "out of . . . [the claimant's] past-due benefits." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (quoting 42 U.S.C. § 406(b)(1)(A)). The Supreme Court has expressly recognized that contingency fee agreements authorizing a fee award not in excess of 25 percent of the total past-due benefits awarded are permissible, but the district court is required to examine the "reasonableness" of the fee requested under § 406(b), even if it is not opposed by the

was initially assigned, as a result of which the case fell into an unfortunate limbo for a period of time.

Commissioner. *Gisbrecht*, 535 U.S. at 807. The court's obligation to conduct a reasonableness review is especially important since the Commissioner does not have a "direct financial stake" in the disbursement of any funds under § 406(b), and instead plays a trustee-like role in the process. *Id.* at 798 n.6. The district court must review contingency agreements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

In the Sixth Circuit, contingency fee agreements that comply with § 406(b)'s 25-percent cap are accorded a "rebuttable presumption of reasonableness," subject, however, to a "floor": "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Lasley*, 771 F.3d at 309 (quoting *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1991)). That is, "a hypothetical hourly rate that is more than twice the standard rate will not automatically be held to constitute an unreasonable 'windfall.'" *Lasley*, 771 F.3d at 309. As the Sixth Circuit has explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990).

If the calculated hourly rate is above the "floor," then, in addressing the reasonableness of the requested fees under § 406(b), the court is to consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Gisbrecht*, 535 U.S. at 808. Other factors may include "what proportion of the hours worked

constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case." Hayes, 923 F.2d at 422.

## III. DISCUSSION

In this case, the fee requested is $27,140, which is less than 25 percent of the past-due benefits awarded to the plaintiff and, thus, less than the Administration withheld from the benefits already paid to the plaintiff.[3] However, based on the Itemization of Hours submitted by plaintiff's counsel in support of the motion for fees, the requested fee of $27,140, divided by the number of hours expended on the district court case (29), equates to a hypothetical hourly rate of $935.

Counsel's "Affirmation" represents that, as attorneys specializing in Social Security work, the attorneys who worked on the plaintiff's case typically do not charge hourly rates, but the standard hourly market rates for the two billing attorneys, Eddy Pierre (who devoted 26.4 hours to the matter) and Charles E. Binder (who spent 2.6 hours on it), would be, respectively, $450 and $650. (Doc. No. 32-2 ¶ 12.) The plaintiff offers nothing but the Affirmation in support of the assertion regarding the "hourly market rate" for the two attorneys.[4] The Affirmation does not specify what the attorneys' rates were during the relevant time frame nor identify the geographic scope of the "market" to which counsel is referring, but both of the attorneys appear to be based in New York, New York. (Doc. No. 32-2, at 4.) The court, however, finds that the relevant time is

---

[3] The total amount of past-due benefits awarded by the Social Security Administration is not clear from the record, but the Administration withheld $46,796.75 from the past-due amount, which apparently represents 25 percent of the total award. (*See* Doc. No. 32-3, at 8.)

[4] Counsel also cites an unreported case from the Eastern District of New York as "recognizing that the Commissioner did not challenge a requested hourly rate of $650.00 an hour for Charles E. Binder and $450.00 an hour for other experienced counsel." (Doc. No. 32-2, at 4 (citing *Heath v. Astrue*, No. CV-1238 (FB), 2008 WL 4449656, at *2 (E.D.N.Y. Oct. 1, 2008)).) *Heath* does not actually reference an hourly rate or do the math, however; it simply stated: "[28 U.S.C. §] 2412(b) allows for an attorney's fee award at a market rate, which in this case generates a fee of $17,537.50 when multiplied by counsel's hours. The government does not challenge the hourly rate *Heath* suggests." *Heath*, 2008 WL 4449656, at *2.

2014 to 2015, when the attorneys were litigating the matter in this court, and the relevant market rate is the "prevailing market rate in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984) (construing the term "a reasonable attorney's fee" in 42 U.S.C. § 1988), that is, within the Middle District of Tennessee or, potentially, within the Sixth Circuit.

The court also notes that, because the Social Security Act prohibits charging or collecting a non-contingent fee from a Social Security disability plaintiff, 42 U.S.C. § 406(b), it is somewhat difficult to establish a standard rate for the precise kind and quality of legal services provided in Social Security cases. Nonetheless, the court takes judicial notice that the standard rate for experienced Social Security attorneys in Middle Tennessee between 2014 and 2015, when counsel litigated this matter in federal court, was approximately $200. *See Agee v. Berryhill*, No. 3:12-CV-00958, 2017 WL 3888353, at *5, 8 (M.D. Tenn. Sept. 5, 2017) (Trauger, J.) (awarding EAJA fees calculated based on an hourly rate of $186.87, which, the court noted, was "not inconsistent with the rate awarded to other attorneys in social security actions in this circuit" (collecting cases)). The hourly rate yielded by the attorney's fee sought in this case is $935—well in excess of two times $200. Because the total fee requested is based on "a hypothetical hourly rate that is more than twice the standard rate," *Lasley*, 771 F.3d at 309, it cannot be deemed reasonable *per se*.

The court finds, moreover, that a hypothetical hourly rate of $935 in this case amounts to something of a windfall, based on the fact that the matter was not particularly complex or difficult, and the only substantive action taken in this court was the filing of the Motion for Judgment on the Administrative Record. In addition, the plaintiff's success on remand was apparently premised upon the filing of what amounted to an entirely new claim for Social Security benefits, with a new disability onset date that fell *after* the first ALJ hearing. Nonetheless, based in part on the length of time the attorneys have had to wait to recover a fee, through no fault of their own, and in part

on their combined experience, successful result, and the higher prevailing rates in New York City, the court finds it reasonable to presume a standard hourly rate of $350 in this case which, multiplied by two, would be $700. A hypothetical hourly rate of $700 yields a reasonable attorney's fee of $20,300 in this case. A fee in excess of that amount would not be reasonable in light of all the other factors relevant to the determination.

Based on all of these considerations, the court will grant the plaintiff's motion in part and award a fee of $20,300. Counsel will also be required to refund to the plaintiff the EAJA fee of $5,396.03 they already received. *Accord Jankovich v. Bowen*, 959 F.2d 867, 871 n.1 (6th Cir. 1989).

## IV.    CONCLUSION AND ORDER

For the reasons set forth herein, the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) is **GRANTED IN PART**, and the plaintiff is awarded attorney's fees in the total amount of $20,300, which represents less than 25 percent of the past-due benefits awarded to the plaintiff by the Social Security Administration. Such fees shall be remitted directly by the defendant to plaintiff's counsel. Upon receipt of this sum, counsel for the plaintiff **SHALL** immediately remit to the plaintiff the previously awarded EAJA fees of $5,396.03.

Nothing in this Order will preclude the plaintiff's duly appointed representative(s) from requesting fees under 42 U.S.C. § 406(a) for time spent handling the plaintiff's case before the Social Security Administration.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge